**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 03 CR 978** |
| | ) | **Judge Amy St. Eve** |
| **MUHAMMAD HAMID KHALIL SALAH et al,** | ) | |
| **Defendant** | ) | |

**CORRECTED MOTION OF CERTAIN ORGANIZATIONS AND INDIVIDUALS TO
INTERVENE FOR SOLE PURPOSE OF ASSERTING FIRST AMENDMENT RIGHT OF
PUBLIC TO OPPOSE GOVERNMENT'S REQUEST FOR AN ANONYMOUS JURY
AND TO RESTRICT ACCESS OF PUBLIC TO TESTIMONY OF CERTAIN WITNESSES**

Now comes several civic, service, civil rights, civil liberties, religious and

political organizations in greater Chicago and several distinguished Chicagoans

with experience in law, human rights and in opposing torture and discrimination

(collectively certain organizational and individual Intervenors or the CCR

Intervenors)[1] by and through their attorney, Steven Saltzman, a cooperating

attorney with the New York-based Center for Constitutional Rights and move this

Court for leave to intervene in this case for the sole purpose of asserting the First

---

[1] CCR counsel is in the process of contacting the various organizations
and individuals who were intervenors in the first intervention motion. At this point,
the organizations include the Arab American Action Network; American Friends
Service Committee (AFSC), Chicago; Council of Islamic American Relations
(CAIR)–Chicago Chapter; Council of Islamic Organizations, the Heartland
Alliance (and its related organizations, the Majorie Kovler Center for the
Treatment of Victims of Torture and the National Immigrant Justice Center
(formerly the Midwest Immigrant and Human Rights Center); the Northeastern
Illinois Chapter of the National Lawyers Guild and the individuals include Rabbi
Robert Marx, Susan Gzesh, Don Rose, Gordon Quinn, Prexy Nesbitt and Standish
Willis, all of whom were intervenor organizations or individuals and were
described in the first motion.

Amendment rights of the public to oppose the Government's motions for an anonymous jury and for restrictions on the ability of the public to see the Israeli agents when they testify at the criminal trial. In support of this motion, the Intervenors state as follows.

1.      The Government has proposed that jurors be anonymous at the trial and restrictions at trial that include the Israeli Security Agency witnesses being allowed to testify behind a screen or that the public be forced to hear the testimony from another courtroom.

2.      Intervenors request leave to intervene for the purposes of advocating against both an anonymous jury and these restrictions that the Government has raised that adversely affect the public's rights at trial.

3.      It is well settled law that the public has a right protected by the First Amendment to open criminal trials. *Globe Newspaper Co. V. Superior Court for County of Norfolk*, ("*Globe Newspaper*"), 457 U.S. 596, 603 (1982) citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 558-81 (1980). It is also well settled law that the anonymity of the jury or the public being barred from hearing the voir dire process is an issue in which the public has a First Amendment right. *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 504-10 (1984)(*Press-Enterprise I); U.S. v. Peters,* 754 F.2d 753 (7th Cir. 1985); U.S. v. Ochoa-Vasquez, 428 F.3d 1015 (11th Cir. ,2005); and *ABC, Inc. v. Stewart*, 360 F.3d 90 (2nd Cir. 2004). It is equally well settled that the public and press have standing to

intervene to enforce these rights. *See In re Associated Press,* 162 F.3d 503, 507 (7th Cir. 1998).

4.      The organizational Intervenors constitute a significant cross section of  civic, service, civil rights, civil liberties, religious and political organizations in greater Chicago.  Their descriptions and statements of interest make clear that they are well-situated to advocate for open access to the criminal trial, including the selection of the jurors whose names are not hidden and for a jury that is not tainted by being anonymous.

5.      Similarly, the individual Intervenors are distinguished Chicagoans who have articulated cogent reasons why democracy is served by having open hearings when the subject to be addressed will include confessions allegedly obtained through torture.  They  include University of Chicago Senior Lecturer, Director of the Human Rights Program, immigration lawyer, human rights scholar and activist Susan Gzesh, Robert J. Marx, founder of the Chicago-based Jewish Council on Urban Affairs and the North Shore temple, Congregation Hakafa and a national leader on social justice, civil rights and civil liberties issues; longtime civil rights activist and teacher Prexy Nesbitt; Gordon Quinn, president and founding member of Kartemquin Films, who has been making social issue documentaries for over 40 years; independent political consultant, media commentator and activist Don Rose and civil rights attorney Standish E. Willis, who recently gave testimony to the Inter-American Commission on Human

Rights, a commission of the Organization of American States regarding the torture of persons falsely accused of crimes by Chicago police officers who used confessions obtained through torture to obtain wrongful convictions.

6.      The CCR intervenors request leave to intervene and submit a memorandum arguing the law as to the issues of juror anonymity and restrictions on the public's right to see certain witnesses actually testify.  The CCR intervenors respect that the Court is attempting to resolve issues like these in advance of the trial so as to give the parties an opportunity to prepare.  They request leave to file a memorandum by Tuesday, August 15, 2006.

7.      Interveners have noticed this motion for Thursday, August 10, 2006 but are aware that the Court has scheduled a status hearing in this case for Friday, August 11, 2006 at 1:00 p.m.  If the Court believes that it would be more expeditious to hear this motion on Friday, counsel for the intervenors will be prepared to attend that status.

Wherefore, the CCR Intervenors pray that this Court grant their motion to intervene.

Respectfully submitted,

S/Steven Saltzman
Attorney for Intervenors

Steven Saltzman
Cooperating Attorney for
Center for Constitutional Rights
122 S. Michigan, Ste 1850
Chicago, Illinois 60603
(312) 427-4500

Of Counsel:

William Goodman, Legal Director
Maria LaHood, Staff Attorney
Center for Constitutional Rights
666 Broadway, 7th Fl.
New York, New York 10012
(212) 614-6464